UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| MARCO HEYWARD, | Case No. 24-cv-02355-LB |
| Plaintiff, | |
| v. | **SCREENING ORDER** |
| MOSSER PROPERTIES, INC., | Re: ECF No. 1 |
| Defendant. | |

**INTRODUCTION**

The plaintiff Marco Heyward, who represents himself and is proceeding in forma pauperis, sued the defendant Mosser Properties, which is the management company for his apartment complex. The plaintiff alleges that property managers let others into his apartment, where they stole his property, smeared feces, and smoked crack. They also allegedly discriminated against him based on his race and disability, in violation of federal and state law. Before directing the United States Marshal to serve the defendants with the complaint, the court must screen it for minimal legal viability. 28 U.S.C. § 1915(e)(2)(B). This order explains the deficiencies in the complaint and gives the plaintiff an opportunity to supplement his complaint with additional facts by October 14, 2024. If he does not, the court may recommend dismissal of the complaint.

ORDER – No. 24-cv-02355-LB

**STATEMENT**

The plaintiff lived at 421 East 18th Street, Apartment 320, Oakland, California.[1] He apparently does not live there anymore: the complaint lists his address as a P.O. Box in Hayward, and a right-to-sue letter from the California Civil Rights Department dated February 20, 2024, lists a street address on Cypress Avenue in Hayward. Police reports dated December 15, 2022, are attached to the complaint and show that he lived at the Oakland address then.[2]

Mosser's onsite managers were the only persons with keys to his apartment, where the plaintiff stored his belongings, and thus are responsible for the acts of a person who cut off his locks while he was sleeping. The "on-site managing supervisor 'Managing Agent' etc. stole and mishandled" the plaintiff's computer, printer, other sensitive materials, passports, and other documents in the apartment.[3] He memorialized this in a police report (filed on December 15, 2022, and attached as Exhibit A) when he returned home to find that a male resident and live-in managers had "climbed over his balcony [that was] joined with the" managers' balcony next door and were in his locked bedroom smoking crack.[4]

The managers' negligence resulted in the compromise of his personal email and personal phone number, and "his personal information has been exploited over the dark web with over 12 million different accounts."[5] Mosser "callously informed" the plaintiff and representatives of the Department of Veterans Affairs and HUD "that on many occasions that the Plaintiff is Mentally Decompensating when Mosser Properties on more than one occasion entered Plaintiff's apartment . . . and smeared defecation on walls, documentations, inside and outside of appliances, [and] clothing, [and] stole banking and financial information (Exhibit B.) The most egregious and

---

[1] Compl. – ECF No. 1 at 3.

[2] *Id.* at 1; Police Rep., Exs. A–B to *id.* at 15–19; Letter, Ex. C to *id.* at 22. The court considers the exhibits attached to the complaint under the incorporation-by-reference doctrine. *Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005).

[3] Compl. – ECF No. 1 at 4 (small spelling and punctuation errors corrected for readability).

[4] *Id.* at 4–5.

[5] *Id.* at 5.

1  malicious act [was] placing hidden cameras and microphones in smoke detectors."[6] The plaintiff is
2  a veteran.[7]

3  Exhibits A and B are excerpts of the December 15, 2022, police report referenced in the
4  complaint and contain similar allegations to those in the preceding paragraphs.[8] The plaintiff
5  alleged Mosser's bad conduct took place from "August 1, 2021 to the present."[9]

6  The plaintiff alleges that Mosser was insensitive to his disability status and denied him
7  "quality service" based on his "senior age" status, his racial ethnicity (which he identifies as
8  African American), and his "right to express spiritual beliefs and practices without intimidation
9  (Exhibit D). Feeling pressured and unintimidated, [the plaintiff] explained to the Department of
10 Veterans Hud Vash Case manager/Social Worker that he suffered mental trauma when [he] had to
11 ascend flights of stairs on several occasions when elevators did not work or w[ere] intentionally
12 turned off, aggravating [his] disability and compounding [his] disability."[10] "When the elevators
13 were not in service, there were no accommodations for disabled patrons to go to the second and
14 third level." The plaintiff told Mosser, which "responded in an intimidating manner." He thus is
15 suing "for emotional distress and pain and suffering."[11] He "is conservatively seeking an
16 aggregated estimate amount of" $35 million.[12]

17 Exhibit D is the plaintiff's progress notes from the VA medical center from July 2022. The
18 plaintiff reported that "the OHA representative was 'lying' about property management needing to
19 make repairs." He reported that the property management company was turning off his lights. The
20 social worker "had a difficult time understanding the story . . . [and] following much of the
21 veteran's narrative, as the veteran was tangential." The notes contain a diagnosis of substance use,

---

[6] *Id* at 6. (small spelling and punctuation errors corrected for readability).
[7] *Id.* at 3.
[8] Police Rep., Exs. A–B to *id.* at 15–19.
[9] Compl. – ECF No. 1 at 3.
[10] *Id.* at 8–9 (uppercase eliminated; small errors corrected).
[11] *Id* at 9.
[12] *Id.* at 2.

complex PTSD, and an adjustment disorder. The notes reflect a call from "Ken, an employee at OHA, stating that the veteran needed support in passing an inspection before 7/30/22 . . . [and] not[ing] both repairs that needed to be completed by property management (veteran not allowing in the home) and cleaning of feces on the wall that is the responsibility of the veteran."[13]

The plaintiff asserts the following claims: (1) racial profiling in violation of 42 U.S.C. § 2000a; (2) a racially hostile environment in violation of 42 U.S.C. § 1981; (3) a violation of California's Unruh Civil Rights Act predicated on intentional discrimination; (4) a violation of the Americans with Disability Act (ADA); (5) breach of an oral and implied contract; and (6) negligence and other torts sounding in malice or fraud.[14]

## STANDARD OF REVIEW

A complaint filed by a person proceeding in forma pauperis under 28 U.S.C. § 1915(a) is subject to a mandatory, sua sponte review and dismissal by the court if it is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001); *Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000) (en banc). Under § 1915(e)(2), a court reviewing an in forma pauperis complaint must rule on its own motion to dismiss before directing the United States Marshals to serve the complaint under Federal Rule of Civil Procedure 4(c)(2). *Lopez*, 203 F.3d at 1126–27. "The language of § 1915(e)(2)(B)(ii) parallels the language of Federal Rule of Civil Procedure 12(b)(6)." *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998). The statute "is designed largely to discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate because of the costs of bringing suit." *Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

---

[13] Progress Notes, Ex. D to *id.* at 25.

[14] *Id.* at 6–8 (styled as a motion to dismiss by the defendants and referencing a complaint that he filed with the State of California, Case Number 202302-19555901 (attached as Exhibit C)), 2 (breach of contract and various torts). Exhibit C is a right-to-sue letter issued by the California Civil Rights Department on February 20, 2024, which closed the plaintiff's case against Mosser Properties for insufficient evidence. Letter, Ex. C to *id.* at 22.

"Frivolousness" under § 1915(e) and failure to state a claim under Rule 12(b)(6) are distinct concepts.

"A complaint . . . is frivolous where it lacks an arguable basis either in law or in fact." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). The definition of frivolousness "embraces not only the inarguable legal conclusion, but also the fanciful factual allegation." *Neitzke*, 490 U.S. at 325. When determining whether to dismiss a complaint as "frivolous" under 28 U.S.C. § 1915(e)(2)(B)(i), the court has "the unusual power to pierce the veil of the complaint's factual allegations," meaning that the court "is not bound, as it usually is when making a determination based solely on the pleadings, to accept without question the truth of the plaintiff's allegations." *Denton*, 504 U.S. at 32. Frivolous claims include "claims describing fantastic or delusional scenarios, claims with which federal district judges are all too familiar." *Id.* "An in forma pauperis complaint may not be dismissed . . . simply because the court finds the plaintiff's allegations unlikely." *Id.* at 33. But "a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Id.* Frivolous litigation "is not limited to cases in which a legal claim is entirely without merit. . . . [A] person with a measured legitimate claim may cross the line into frivolous litigation by asserting facts that are grossly exaggerated or totally false." *Molski v. Evergreen Dynasty Corp.*, 500 F.3d 1047, 1060–61 (9th Cir. 2007).

Under Rule 12(b)(6) and § 1915(e)(2)(B), a district court must dismiss a complaint if it fails to state a claim upon which relief can be granted. Rule 8(a)(2) requires that a complaint include a "short and plain statement" showing the plaintiff is entitled to relief. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (cleaned up); *see Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The complaint need not contain "detailed factual allegations," but the plaintiff must "provide the grounds of his entitlement to relief," which "requires more than labels and conclusions"; a mere "formulaic recitation of the elements of a cause of action" is insufficient. *Twombly*, 550 U.S. at 555 (cleaned up).

In determining whether to dismiss a complaint under Rule 12(b)(6), the court is ordinarily limited to the face of the complaint. *Van Buskirk v. Cable News Network, Inc.*, 284 F.3d 977, 980 (9th Cir. 2002). Factual allegations in the complaint must be taken as true and reasonable inferences drawn from them must be construed in favor of the plaintiff. *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337–38 (9th Cir. 1996). The court cannot assume, however, that "the [plaintiff] can prove facts that [he or she] has not alleged." *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983). "Nor is the court required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

Federal courts must construe pro se complaints liberally. *Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Hearns v. Terhune*, 413 F.3d 1036, 1040 (9th Cir. 2005). A pro se plaintiff need only provide defendants with fair notice of his claims and the grounds upon which they rest. *Hearns*, 413 F.3d at 1043. He need not plead specific legal theories so long as sufficient factual averments show that he may be entitled to some relief. *Id.* at 1041.

When dismissing a case for failure to state a claim, the Ninth Circuit has "repeatedly held that a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez*, 203 F.3d at 1130 (cleaned up).

**ANALYSIS**

The next paragraphs identify several reasons that the complaint is not viable.

First, for his federal and state claims predicated on racial discrimination, the plaintiff offers no facts to support his claims. For example, the Fair Housing Act prohibits discrimination in the "sale" or "rental" of housing based upon someone's "race, color, religion, sex, familial status, or national origin." *See generally* 42 U.S.C. §§ 3603–04. 42 U.S.C. § 1981 provides in relevant part that "[a]ll persons within the jurisdiction of the United States shall have the same right . . . to make and enforce contracts . . . as is enjoyed by white citizens." 42 U.S.C. § 1981(a). Generally, § 1981 prohibits discrimination based on race or ethnicity, but not gender, sexual orientation, religion, age, disability, or national origin. *Johnson v. Riverside Healthcare Sys.*, 534 F.3d 1116, 1123 (9th

Cir. 2008); *Fonseca v. Sysco Food Servs. of Ariz., Inc.*, 374 F.3d 840, 850 (9th Cir. 2004); *Sagana v. Tenorio*, 384 F.3d 731, 738 (9th Cir. 2004). The plaintiff says nothing about what Mosser did to him that was based on his race.

Second, if the plaintiff no longer lives at the apartment complex, his ADA claim is moot because the ADA does not provide for damages. *Estavillo v. Cortese*, No. 23-cv-04032-VKD, 2024 WL 2808651, at *3 (N.D. Cal. May 30, 2024). Another issue is that the ADA generally does not apply to private residences, including residential apartment complexes, which "generally do not constitute public accommodations within the meaning of the ADA." *Id.* (cleaned up). Portions of a residential facility may be covered by the ADA if made available to the general public for rental or use. *Id.*; *Patten v. Hancock*, No. 15-cv-04022-JSW, 2016 WL 158918, at *2 (N.D. Cal. Jan. 14, 2016). Conceptually, elevator outages can provide grounds for a claim. *Moore v. Equity Residential Mgmt. LLC*, No. 16-cv-07204-MEJ, 2017 WL 5992129, at *5–9 (N.D. Cal. Dec. 4, 2017) (allegations of extended outages stated claims under state law and the federal Rehabilitation Act); *Patten*, 2016 WL 158919, at *1–3 (lack of elevator to publicly accessible laundry room on a different floor stated an ADA claim); *McMillon v. Hawaii*, No. 08-00578 JMS/LEK, 2009 WL 10757954, at *8–12 (D. Haw. June 19, 2009).

Here, the plaintiff "asserts no facts supporting an inference that [the second and third level he could not access on several occasions] are available for use by anyone other than residents or their guests." *Estavillo*, 2024 WL 2808651, at *2.* He does not say what his disability is or how long the elevators were out of service. Also, assuming the ADA claim is moot, there are no allegations that support the element under the Rehabilitation Act that the program receives federal financial assistance. *Moore v. Equity Residential Mgmt. LLC*, No. 16-cv-07204-JCS, 2019 WL 5697934, at *4–7 (N.D. Cal. Nov. 3, 2019) (granting summary judgment to the defendant on the Rehabilitation Act claim because the plaintiffs did not meet their burden to show that the property-management company received federal financial assistance within the meaning of the Act).

Another issue is that the plaintiff does not say when the elevator outages occurred. That is relevant to evaluating whether his claim is timely. District courts can dismiss claims without leave to amend under § 1915(e) if it is clear from the face of the complaint that the claims are barred by

complete and obvious defenses, such as the statute of limitations. *Heyward v. U.S. Gov't*, No. 19-cv-02989-JSC, 2019 WL 3769968, at *4 (N.D. Cal. July 19, 2019), *R. & R. adopted*, 2019 WL 3767513 (N.D. Cal. Aug. 9, 2019), *appeal dismissed*, No. 19-16620, 2020 WL 763462 (9th Cir. Jan. 9, 2020).

Also, many allegations in the complaint — viewed in the context of the VA notes — "rise to the level of the irrational or the wholly incredible." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).

There is no federal claim. For the court to have jurisdiction of the state-law claims in the absence of any federal claim, there must be diversity jurisdiction: the opposing parties must be citizens of different states, and the amount in controversy must exceed $75,000. 28 U.S.C. § 1332(a). The parties are not diverse.

## CONCLUSION

The plaintiff does not need to file a new complaint and instead must file a supplement to it that addresses the deficiencies identified in this order. Alternatively, if he agrees that he cannot state a federal claim, he can file a one-page statement that he is voluntarily dismissing his case without prejudice. That will allow him to pursue any viable state claims in state court. If he does not file a supplement or dismissal by October 14, 2024, the court may reassign the case to a district judge and recommend that it be dismissed.

**IT IS SO ORDERED.**

Dated: September 18, 2024

_____
LAUREL BEELER
United States Magistrate Judge